IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUOK DUGAK,<br>a/k/a Luok Tuach,<br>No. Axxxxx2090,<br><br>            Petitioner,<br><br>vs.<br><br>MR. D. ACUFF,<br>Warden, Pulaski County Detention Center,<br><br>           Respondents. | Case No. 19-cv-1276-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Luok Dugak is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on November 20, 2019 to challenge his continued detention. Dugak claims that he has been unconstitutionally detained in immigration custody for more than 180 days subsequent to his final removal order. (Doc. 1, pp. 2, 7). He also complains that the government plans to deport him to the wrong country. (Doc. 1, p. 7).

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action.

Without commenting on the merits of Dugak's claims, the Court concludes that the Petition survives preliminary review under Rule 4, and a response will be ordered.

Dugak asserts that he was taken into immigration custody on April 19, 2019. His removal order had been issued on May 9, 2013. (Doc. 1, p. 4). He is a native of North Sudan but was issued travel documents to South Sudan. (Doc. 1, pp. 7, 17, 22). According to a June 26, 2019 letter from Immigration and Customs Enforcement ("ICE") and other attached documents, ICE considers Dugak to be a citizen of South Sudan and the Immigration Judge ordered him to be removed to that country in 2013. (Doc. 1, p. 9). Dugak claims that because North and South Sudan are at war, and because he is an Arab and Muslim, his life will be in danger if he is sent to South Sudan. (Doc. 1, p. 17). ICE informed Dugak that the South Sudan government has recognized him as a citizen and issued him a travel document. (Doc. 1, pp. 17-18, 22). However, Dugak claims that in an interview with the South Sudan consulate, he was told his removal is "significantly unlikely as of now and possibly in the near future." (Doc. 1, pp. 26-27). He has requested release from ICE custody so that he may live with his U.S. Citizen spouse and children in Louisville, Kentucky. *Id.*

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer the Petition within twenty (20) days of the date this order is entered (on or before **December 26, 2019**).[1] This order to respond does not preclude Respondent from making whatever waiver, exhaustion, or timeliness arguments he may wish to present to the Court. Service upon Acuff, Warden of the Pulaski

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the Petition, and this Order to the United States Attorney for the Southern District of Illinois, and to send a copy of the letter constituting service, Petition, and this Order via registered or certified mail to the Attorney General of the United States in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration & Customs Enforcement.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 5, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**