IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUOK DUGAK, <br> a/k/a Luok Tuach, <br> No. Axxxxx2090, <br><br>         Petitioner, <br><br> vs. <br><br> MR. D. ACUFF, <br> Warden, Pulaski County Detention Center, <br><br>         Respondents. | Case No. 19-cv-1276-SMY |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Luok Dugak filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on November 20, 2019 (Doc. 1), challenging his detention by Immigration and Customs Enforcement (ICE). Dugak sought release from custody on the basis that he had been detained by ICE for more than 180 days subsequent to his final removal order. (Doc. 1, pp. 2, 7). On December 23, 2019, Respondent filed a Motion to Dismiss Petition as Moot (Doc. 8) on the basis that Dugak is no longer in ICE custody as he was removed from the United States to South Sudan on December 6, 2019 on an ICE charter flight, rendering the Habeas Petition moot. (Doc. 8, p. 2; Doc. 8-1).

A petition under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001). Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Therefore, a detainee who is released

1

while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot. However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

According to Respondent's Motion and Declaration of Deportation Officer, Dugak has been removed to South Sudan and has therefore received the relief he sought, *i.e.*, release from ICE custody.

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 8) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposi-

tion of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: January 3, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**